IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GARY J. MITCHELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRUE ACCORD CORPORATION,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>**1:23-CV-5764-SCJ-CCB** |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of its own order dated March 19, 2024. (Doc. 4). The undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED without prejudice** for want of prosecution and because Plaintiff has failed to follow lawful orders of the Court.

On February 23, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* and directed Plaintiff to complete and return the USM 285 form, summons, and initial disclosures form within 21 days. (Doc. 2). As of March 19, 2024 — more than 21 days after the February 23 order — the docket indicated that Plaintiff had not submitted the required forms to the Clerk. (*See* Doc. 4). As such, the Court again ordered Plaintiff to return the USM 285 form, summons, and initial

disclosures form, this time within 14 days. *Id.* Plaintiff was specifically cautioned that the undersigned would recommend that the case be dismissed for want of prosecution if he did not comply with the order. *Id.* at 1–2 (citing Fed. R. Civ. P. 41(b); LR 41.3(A)(2), NDGa.)). To date, Plaintiff has not returned the required forms, and the time to do so has passed.

The Court's Local Rules state that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice . . . fail or refuse to obey a lawful order of the Court in the case." LR 41.3(A)(2), NDGa.; *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). In addition, the Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). And the Eleventh Circuit has made clear that a district court may dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal with prejudice for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz*

*v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal without prejudice is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011); *Taylor v. Spaziano*, 251 F. App'x 616, 621 (11th Cir. 2007).

It has now been over 14 days since the Court's March 19 order, and Plaintiff has not returned the required service forms, despite being expressly warned that such failure would result in his case being dismissed. It appears that Plaintiff is no longer interested in pursuing this case. However, there does not appear to be any clear record of delay or contumacious conduct. Therefore, it is **RECOMMENDED** that his claims be **DISMISSED without prejudice** for failure to prosecute. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal should not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (providing that dismissal for

3

failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED,** this 10th day of April, 2024.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

4